## Case No. 7,156.

### The JACOB G. NEAFIE.

[8 Ben. 251.] [1]

District Court, E. D. New York. Oct., 1875.

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

Geo. B. Hoxie, Asst. Dist. Atty., for the United States.

Benedict, Taft & Benedict, for claimant.

BENEDICT, District Judge. This case comes before the court upon exceptions to the sufficiency of the libel filed against the steamboat in behalf of the United States. The libel filed avers that the steamboat Jacob G. Neafie, a vessel propelled wholly by steam and navigating the bay and harbor of New York, on the 28th day of November, 1874, received on board and carried passengers in and through the bay and harbor of New York; that no application in writing of the master or owner of said vessel for an inspection thereof as a passenger boat had ever been at that time made to the local inspector, as required by section 4417 of the Revised Statutes; and that at the time no inspection had ever been made or certificate of inspection issued to said steamboat, as required by law, to authorize her to receive on board or carry passengers; whereby it is claimed that a penalty of $500 was incurred, and that said vessel became liable therefor and subject to be seized and proceeded against by way of libel by virtue of section 4499 of the Revised Statutes of the United States. To this averment it is objected, that it states no offense. The argument is that section 4417 imposes no duty upon the master or owner of the vessel to make application for her inspection, but simply declares the duty of the local inspector to act, when called upon to act by a written application of the master or owner of a steam vessel, employed in the carriage of passengers.

But I think the section, fairly construed, does create a duty on the part of the ship owner to make a written application for inspection once in every year, in behalf of a vessel employed in the service of carrying passengers. The intention of the statute is manifestly to cast upon the owner of the vessel the responsibility of setting in motion the local inspector by a written application; and it proceeds upon the presumption

that the inspectors, being public officers, will discharge their duty when applied to. This construction is necessary to preserve the efficiency of the statute. To construe it otherwise, is to leave it optional with the owner of the vessel whether his vessel be inspected or not, for the duty to inspect, and perhaps also the power, is dependent upon the fact that written application for inspection is made. If this construction of section 4417 is correct, it follows that, by virtue of section 4409, any vessel propelled by steam without such application having been made, becomes liable to the penalty of $500 imposed by that section.

It has been further contended that section 4417 by its terms indicates that it is intended to apply only to vessels whose regular service is the carrying of passengers, and that this libel must fail inasmuch as it omits to show that the carriage of passengers was any part of the regular service of the vessel proceeded against, but on the contrary shows the vessel to be a tug boat.

The libel does, however, show that the vessel proceeded against on the 28th of November, 1874, received on board and carried passengers in the harbor and bay of New York, and it may fairly enough be considered to aver that on that day she was employed in the service of carrying passengers for fares as part of her business for that day. So understood, the libel is sufficient. The intention of the act is to compel every steam vessel, before engaging in the service of carrying passengers, to be inspected, with a view of ascertaining whether she may be used to transport passengers with safety to life. The necessity for inspecting exists, as well where the vessel engages in the business of carrying passengers for a single occasion and outside of her regular business, as when her daily occupation is the carrying of passengers; and such a vessel should be held to be a vessel employed in the service of carrying passengers, within the meaning of section 4417. My conclusion, therefore, is, that the libel sufficiently states an offense, and that the exceptions must be overruled, with liberty to answer within one week.